IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DR. VIOLETA PASKAUSKIENE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:05-CV-501-Y |
| | § | |
| UNIVERSITY OF NORTH TEXAS | § | |
| HEALTH SCIENCE CENTER and | § | |
| DR. ALAKANANDA BASU | § | |

ORDER GRANTING IN PART MOTION TO DISMISS AND
GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the Court is Defendants' Motion to Dismiss [doc. # 57] and Motion for Partial Summary Judgment [doc. # 58], both filed July 28, 2006.[1] After consideration, the Court GRANTS in part the motion to dismiss and GRANTS the summary-judgment motion.

I. BACKGROUND

Plaintiff Dr. Violeta Paskauskiene was employed as a research associate at defendant University of North Texas Health Science Center ("UNTHSC"). Her supervisor was defendant Dr. Alakananda Basu. In late 2003, Paskauskiene, a Lithuanian, began to believe that she was being treated differently and less favorably than research associates from Asia. On October 9, 2003, Paskauskiene complained to the human-resources department regarding the disparate treatment and unsafe working conditions.[2] The next day, Basu fired Paskauskiene based on "poor performance."

---

[1] The Court notes that Defendants' motions do not comply with the order designating this case for electronic case filing, which requires the electronic submission of proposed orders for every motion filed. In fact, Defendants have repeatedly ignored the ECF order. Further non-compliance with the Court's ECF order will result in the striking or unfiling of the document filed without further notice.

[2] The unsafe-work-environment complaint was based on an incident that occurred in July 2003 when Paskauskiene pricked her finger with a needle during an experiment. Paskauskiene alleges that the incident was not properly reported and she was not tested for any blood-borne infections.

(2nd Am. Comp. at 3.) Paskauskiene filed suit in this Court against UNTHSC and Basu[3] raising claims for racial and national-origin discrimination and for retaliatory discharge under Title VII,[4] § 1981,[5] and § 1983.[6]  She further raised common-law claims for tortious interference with prospective business relationships and for defamation.

## II. MOTION TO DISMISS[7]

UNTHSC and Basu filed a motion to dismiss Paskauskiene's § 1981 claims under Rule 12(b)(1).  Specifically, UNTHSC and Basu argue that this Court lacks jurisdiction over Paskauskiene's § 1981 claims against them based on Eleventh-Amendment immunity.

Pursuant to Rule 12(b)(1), a party may move to dismiss a case if the district court lacks "jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1).  A court may properly dismiss a case for lack of subject matter jurisdiction when "the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir. 2005).  But a court may grant a Rule 12(b)(1) motion only if the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *See Home Builders Ass'n v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).  A court may decide a Rule 12(b)(1) motion on any of three bases: (1) the

---

[3]Paskauskiene sued Basu in her official and individual capacities.

[4]42 U.S.C.A. §§ 2000e-2000h-6 (West 2003).

[5]42 U.S.C.A. § 1981 (West 2003).

[6]42 U.S.C.A. § 1983 (West 2003).

[7]Because the motion to dismiss raises Rule 12(b)(1) and Rule 12(b)(6), this Court will consider the jurisdictional attack before deciding whether Paskauskiene has failed to state a claim.  *See Tayler v. Dam*, 244 F. Supp. 2d 747, 755 (S.D. Tex. 2005).

complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Montez v. Dep't of Navy,* 392 F.3d 147, 149 (5th Cir.2004). In resolving a Rule 12(b)(1) motion, a district court may "weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.*

The Eleventh Amendment generally divests federal courts of jurisdiction to entertain citizen suits directed against states. *See Stem v. Ahearn*, 908 F.2d 1, 2 (5th Cir. 1990). This bar applies regardless of the nature of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The immunity from suit is not avoided by suing state employees in their official capacity because the claim remains one against the state treasury. *See Stem*, 908 F.2d at 3. Thus, it makes no difference if the action is brought against the state directly, or indirectly against subordinate agencies or officeholders operating in their official capacities: immunity applies unless waived by the state or Congress. *See State of Tex. by and through Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998).

Regarding Paskauskiene's § 1981 and § 1983[8] claims against UNTHSC and Basu in her official capacity, it is clear that Congress did not intend to abrogate a state's Eleventh-Amendment immunity under these statutes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68-71 (1989); *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Chacko v. Tex. A&M Univ.*, 960 F. Supp. 1180, 1199 (S.D. Tex. 1997), *aff'd*, 149 F.3d 1175 (1998). It is undisputed that Basu, sued in her official capacity, was an employee of UNTHSC

---

[8]Although UNTHSC and Basu inexplicably did not move to dismiss Paskauskiene's § 1983 claims based on the Eleventh Amendment, subject-matter jurisdiction can be raised by this Court sua sponte.  *See* FED. R. CIV. P. 12(h)(3); *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003).

at all relevant times and that UNTHSC is a state agency. Thus, Paskauskiene's claims for damages and injunctive relief under § 1981 and § 1983 against UNTHSC and Basu in her official capacity are barred by the Eleventh Amendment.

Basu argues that Paskauskiene's Title VII claims and § 1981 claims against Basu in her individual capacity should be dismissed under Rule 12(b)(6). "[A] motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court must accept as true all well pleaded, non-conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. *Lowrey v. Tex. A &M Univ. Sys.*, 117 F.3d 242, 246-247 (5th Cir. 1997); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). In other words, this Court is to assess the legal feasibility of the complaint and may not examine the weight of the evidence that might be offered in support of the claims. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 158 (2d Cir. 2003). However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss. *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that she can prove no set of facts in support of her claim that would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir. 1995).

Here, Basu further argues that Paskauskiene's § 1981 claims against her individually must be dismissed because only officials are responsible for discriminatory decisions regarding

governmental employment contracts. *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 464-65 (5th Cir. 2001). However, *Oden*'s holding regarding personal liability under § 1981 only applies to the liability of local government officials for their decisions affecting municipal employment contracts. *See id.* at 464 n.5. Further, Basu has completely failed to argue that she is entitled to qualified immunity from Paskauskiene's claims brought against her in her individual capacity under § 1981. Based solely on the pleadings, to which this Court is limited in a Rule 12(b)(6) inquiry, this Court cannot say that these claims should be dismissed based on qualified immunity. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (noting § 1981 liability lies against individual defendant if that individual is essentially the same as the State regarding the complained-of conduct). *See generally Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 2d 703, 727-30 (S.D. Tex. 2002) (discussing, in summary-judgment context, exhaustive requirements to determine if individual government official is entitled to qualified immunity from § 1981 claim).

However, Paskauskiene's Title VII claim against Basu in her individual capacity must be dismissed. Basu's liability under Title VII is premised on her role as an agent of UNTHSC, a state agency; thus, any recovery must be had against her in her official, not her individual, capacity. *See Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990).

### III. SUMMARY-JUDGMENT MOTION

UNTHSC and Basu, in her official capacity, argue that they are entitled to summary judgment regarding Paskauskiene's Title VII claim because she filed suit more than 90 days after she received the right-to-sue letter from the Equal Employment Opportunity Commission ("the EEOC").

5

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden of demonstrating that it is entitled to a summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party need not produce evidence showing the absence of an issue of fact with respect to an issue on which the nonmovant bears the burden of proof, however. Rather, the moving party need only point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmovant's claim. *See id.* at 323-25.

When the moving party has carried its summary judgment burden, the nonmovant must go beyond the pleadings and by its own affidavits or by the depositions, answers to interrogatories, or admissions on file set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Before filing suit, Paskauskiene filed two discrimination charges with the EEOC. In her first charge, filed March 9, 2004, Paskauskiene alleged that UNTHSC discriminated against her because of her national origin and retaliated against her based on her complaint to the human-resources department. The EEOC dismissed the charge on September 20 and issued a right-to-sue letter. The EEOC clearly informed Paskauskiene that she had 90 days to file suit. On November 18, Paskauskiene filed a second charge of discrimination with the EEOC on the same grounds. On May

12, 2005, the EEOC dismissed Paskauskiene's second charge because it was a duplicate of the first dismissed charge. On August 9, Paskauskiene filed her suit in this Court.

A civil action under Title VII must be brought within 90 days of receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1) (West 2003); *Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir. 1998). Although the 90-day filing requirement is not jurisdictional, in the absence of extenuating circumstances, it is a statutory precondition to the maintenance of a Title VII action. *See Sessions*, 648 F.2d at 1069-70. In other words, the 90-day requirement is in the nature of a statute of limitations. *See Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247 1248 n.1 (5th Cir. 1985).

Paskauskiene asserts that the 90-day limitations period began when she received the May 12 dismissal, which renders her August 9 complaint timely. Unless a second right-to-sue letter is issued pursuant to a reconsideration on the merits, it cannot extend the 90-day limitations period. *See Sparks v. Lowe's Home Ctrs., Inc.*, 341 F.2d Supp. 2d 671, 674 (E.D. Tex. 2004). Because the EEOC issued its dismissal notice regarding Paskauskiene's second charge because it was a duplicate of the first, it cannot render her Title VII suit timely. To hold otherwise "would allow any future plaintiff to obliterate the ninety-day limitations period by repeatedly refiling the same charge with the EEOC." *Id.* Thus, Paskauskiene's Title VII claims are time-barred, and UNTHSC and Basu in her official capacity are entitled to judgment as a matter of law.

## IV. CONCLUSION

Paskauskiene's § 1981 and § 1983 claims against UNTHSC and Basu in her official capacity are barred by Eleventh-Amendment immunity. Similarly, Paskauskiene's Title VII claims against Basu in her individual capacity must be dismissed. Paskauskiene's Title VII claims against UNTHSC and Basu in her official capacity are time-barred. However, Basu has not shown that, on the basis of the pleadings, she is entitled to judgment as a matter of law on Paskauskiene's claims under § 1981 brought against Basu in her individual capacity. Neither Basu nor UNTHSC moved for dismissal or summary judgment regarding Paskauskiene's § 1983 claims against Basu individually[9] or regarding Paskauskiene's common-law claims. Thus, all of these claims remain pending.

SIGNED November 20, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[9]*See Malley v. Briggs*, 475 U.S. 333, 341 (1986) (stating § 1983 can impose liability on official in individual capacity subject to qualified-immunity doctrine).